LOBRANO, Judge.
This is an appeal from a judgment ordering Dr. Raymond E. Horn, Jr. to appear before the court for deposition, and assessing attorney’s fees and costs against Dr. Horn for failing to appear at his earlier scheduled deposition. Dr. Horn is not a party to this suit. He is the defendant’s father.
Dr. Horn claims that his earlier deposition, and the accompanying subpoena, were invalid. He requests that the trial court’s judgment be reversed. He also seeks attorney’s fees and costs for defending this rule.
FACTS:
On or about March 31, 1985, Ms. Lisa Giardina was involved in an automobile accident with the defendant, Mr. Raymond E. Horn, III. Ms. Giardina filed suit against Mr. Horn, his unknown insurer, and her insurance company seeking compensation for her injuries. Ms. Giardina attempted to serve Mr. Horn but was unsuccessful. Service was not perfected against any defendant.
In an attempt to locate the defendant, Ms. Giardina sought to depose the defendant’s father, Dr. Raymond E. Horn, Jr. A notice of the father’s deposition was mailed to the defendant. A copy of this notice was delivered to the clerk of court and was included in the record. Ms. Giardina then obtained a subpoena ordering Dr. Horn to attend the deposition. The subpoena was served on Dr. Horn at his business office in Jefferson Parish. The location of the deposition was in Orleans Parish. Dr. Horn failed to appear at the deposition, and a proces verbal was taken. Ms. Giardina then filed a motion to compel the doctor’s attendance. She also sought attorney fees and costs in conjunction with the motion to compel. The trial court granted the motion, ordered Dr. Horn to appear before the Court for a deposition, and assessed court costs and attorney fees against him.
Dr. Horn asserts several assignments of error with respect to the deposition and subpoena. We reverse for at least two reasons.
There is no serious disagreement that Dr. Horn may be deposed as to his son’s whereabouts. However, the provisions of the Code of Civil Procedure regarding discovery must be followed:
Code of Civil Procedure Article 1437 provides, in pertinent part:
“After commencement of the action, any party may take the testimony of any person, including a party, by deposition upon oral examination. Leave of court, granted with or without notice, must be obtained only if the plaintiff seeks to take a deposition prior to the expiration of fifteen days after service of citation upon any defendant, ...”
*868 The record shows no defendant had been served when Ms. Giardina noticed Dr. Horn’s deposition. She did not obtain leave of court as required by Article 1437. Therefore the scheduled deposition was invalid.
Furthermore, Code of Civil Procedure Article 1436 provides, in pertinent part:
“A witness who is a resident of this state may be required to attend an examination to take his deposition only in the parish in which he resides or is employed or transacts his business in person, or at such other convenient place as may be fixed by order of court.”
Dr. Horn is not a party to this litigation. He resides in Jefferson Parish, and maintains his business there. Ms. Giardi-na’s subpoena required Dr. Horn’s attendance at a deposition in Orleans Parish. Absent an order by the Court fixing a convenient place for Dr. Horn’s deposition, Ms. Giardina failed to follow the provisions of Article 1436.
We therefore find that Dr. Horn was justified in refusing to appear at the deposition. Although the trial court has much discretion in imposing sanctions for failure to comply with discovery, under the facts of this case we hold that the trial court erred in awarding attorney fees and court costs.
We do, however, affirm the order of the Court insofar as it permits plaintiff to take Dr. Horn’s deposition prior to the expiration of fifteen days after service of citation on any defendant, thus satisfying the requirements of Article 1437 of the Code of Civil Procedure. In all other respects, plaintiff must follow the codal requirements.
We also deny Dr. Horn’s request for attorney fees in defending the motion to compel. See, La.C.C.Pro. Art. 1469.
Appellee to pay the costs of this appeal.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.